FILED
2021 Mar-09 PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JAY MEYTHALER,  Plaintiffs, v.  ENCOMPASS HEALTH CORPORATION, *et al.*,  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:20-cv-235-GMB |

# MEMORANDUM OPINION AND ORDER

Before the court is Relator Jay Meythaler's Motion to Maintain Seal. Doc. 5. Meythaler's motion has been fully briefed and is ripe for consideration. Docs. 6, 12 & 13. For the following reasons, the motion is due to be granted in part and denied in part.

## I. BACKGROUND

On February 21, 2020, Meythaler filed a complaint under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, against Defendants Robert Russell, Michael Bartell, and Encompass Health Corporation, his former employer. Doc. 1. Meythaler made numerous claims against the defendants under the FCA, including that the defendants retaliated against him for his complaints relating to their allegedly unlawful practices. Doc. 1 at 16–89. On October 28, 2020, the United

States declined to intervene in the action. Doc. 4.  The next day, Meythaler filed a Stipulation of Dismissal (Doc. 7), and the United States later consented to the dismissal. Doc. 9.  Along with his Stipulation of Dismissal, Meythaler filed the Motion to Maintain Seal, requesting that the action remain under seal even after its dismissal. Doc. 5.  In its response, the United States declined to take a position on Meythaler's motion but requested that its Motion for Extension (Doc. 2) and supporting declaration (Doc. 2-1) remain under seal indefinitely. Doc. 12 at 2.

## II. DISCUSSION

Under the FCA, the complaint "shall remain under seal for at least 60 days." 31 U.S.C. § 3730(b)(2).  "[T]he purpose of the initial 60-day seal is to permit the Government to decide whether to intervene." *United States ex rel. Graves v. Internet Corp. for Assigned Names & Nos.*, 398 F. Supp. 3d 1307, 1313 (N.D. Ga. 2019) (citations omitted).  The FCA permits the government to seek an extension of the initial 60-day seal. 31 U.S.C. § 3730(b)(3).

Although there exists a common-law right of public access to judicial records, trial courts, in their "sound discretion," may limit public access to judicial records "where court files might have become a vehicle for improper purposes." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597–98 (1978).  Meythaler argues that the seal should be maintained to prevent the defendants from learning of this action and retaliating against him. Doc. 6 at 8–9.

Other courts sitting within the Eleventh Circuit have found that the fear of retaliation does not justify an indefinite seal in an FCA case. *Graves*, 398 F. Supp. 3d at 1313; *United States ex rel. Locklear v. Medixx Transp., LLC*, 2018 WL 3419272, at *1 (S.D. Ga. July 13, 2018); *United States v. Aurora Diagnostics, Inc.*, 2017 WL 8781118, at *4 (S.D. Fla. Aug. 30, 2017). This court likewise finds the hypothetical possibility of future retaliation insufficient to overcome the presumption of public access. If the defendants retaliate against Meythaler, "the law provides other possible remedies, including tortious interference with contract or business relations, and defamation, in the event [the defendants] were to attempt to poison the industry waters for [Meythaler]." *United States ex rel. Permison v. Superlative Techs., Inc.*, 492 F. Supp. 2d 561, 564 (E.D. Va. 2007).

However, other courts have maintained documents filed by the Government under seal indefinitely when the documents may reveal substantive details about the Government's investigative process. *Aurora*, 2017 WL 8781118, at *2. "Conversely, where such documents do not contain names of witnesses, information about particular documents or substantive details of the investigation, courts decline to maintain a seal." *Id.* (internal quotation marks and citations omitted). Upon its review of the United States' Motion for Extension and accompanying declaration, the court finds that these filings contain substantive details of the Government's investigation and should therefore remain under seal.

## III. CONCLUSION

For these reasons, it is ORDERED that the Motion to Maintain Seal (Doc. 5) is GRANTED as to Documents 2 and 2-1, and DENIED as to all other docket entries in this matter. Accordingly, the Clerk is DIRECTED to lift the seal on all docket entries except Documents 2 and 2-1.

A separate final judgment will be entered.

DONE and ORDERED on March 9, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE